

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-4706
Re: Transfer of allocations of
Rural Aid Appropriation by
Board of Education.

We have received your letter of recent date in which you ask the opinion of this department upon the following question:

"This office would like to know if Section 2 of Article 13 of House Bill #284, Acts of the Regular Session of the 47th Legislature, would authorize the State Board of Education to transfer any unexpended balance in either of the seven allocations to any one of the other six allocations that might show a deficit."

Section 1 of Article XIII of the Rural Aid Act makes an appropriation of $8,444,190 for each of the school years of the biennium ending August 31, 1943, "or so much thereof as may be necessary for the biennium ending August 31, 1943, to be allocated and expended under the provisions of this Act by the State Superintendent of Public Instruction through the Director of Equalization in the State Department of Education and under the supervision of the Joint Legislative Advisory Committee created herein."

Section 2 of Article XIII divides the appropriation into seven allocations. Section 2 reads as follows:

"It is herein specifically provided that out of the money appropriated for each school year of

447

the biennium the sum of Four Million, Three Hundred and Fifty Thousand Dollars ($4,350,000) is hereby set aside for Salary Aid; Nine Hundred and Twenty Thousand Dollard ($920,000) for High School Tuition; Three Million, Thirty-nine Thousand and Twenty Dollars ($3,039,020) for Transportation Aid; One hundred Thirteen Thousand, Nine Hundred and Seventy Dollars ($113,970) for the administration of this Act as provided herein; Eight Thousand, Two Hundred Dollars ($8,200) for the operation of the school plant division in the Department of Education, as permitted, authorized, and appropriated in the general Departmental Appropriation Bill, for the biennium ending August 31, 1943, Five Thousand Dollars ($5,000) for the Census Division in the Department of Education to be expended by the director thereof on order of the Joint Legislative Advisory Committee for checking and approving school census rolls in seasonal labor not to exceed forty cents (40¢) per hour therefor, Eight Thousand Dollars ($8,000) for the purpose of employing an auditor and for such other and necessary expenses incident to the duties of the Joint Legislative Advisory Committee. Such auditor shall not receive more than Three Thousand, Six Hundred Dollars ($3,600) per year out of the sum hereby allocated. The auditor and other authorized employees shall be appointed by the Committee and their salary and necessary expenses be paid on order of said Committee and all such employees shall be under the direct supervision of said Committee or its order. Each of the above named allocations is for each year of the biennium.

"Any unexpended balance under either of the above allocations at the end of the first year of the biennium shall be transferred by order of the Joint Legislative Advisory Committee to any allocation herein created and set up." (Underscoring ours).

This department has held in Opinion No. 0-4609 that the provisions of the Rural Aid Act (H.B. 288, Acts 47th Leg.) imposing upon the Joint Legislative Advisory Committee the authority to administer the law are in violation of Article II,

Section 1 of the Constitution of Texas, and are for that reason unconstitutional. The opinion also held that the duties, powers, and functions of the Joint Legislative Advisory Committee, except the duty imposed upon it to study the school laws of Texas in order that such laws may be re-codified, devolve upon and are to be executed by the State Board of Education under Article XII of the Act, "the same as if said Committee had not been created or authorized."

Under Section 2 of Article XIII the appropriation itself is divided into seven allocations, and the Joint Legislative Advisory Committee (Board of Education) is authorized to transfer any unexpended balance in either of the allocations at the end of the first year of the biennium to any allocation created and set up by the Act.

An analogy may be drawn between the appropriation under consideration and a lump sum appropriation for several purposes. In the latter there is no clear cut or definite allocation while in the former there is such allocation with the provision that any unexpended balance in one of the seven divisions at the end of the first year of the biennium may be transferred to another allocation: i.e., spent for another purpose.

The Legislature attempted to authorize the Committee to make such a transfer; therefore, under Article XII of the Act and Opinion No. 0-4609, such authority is vested in and may be exercised by the State Board of Education. It follows that your question is answered in the affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

GWS:nw

APPROVED AUG 3, 1942

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____